59 F.3d 170
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ricardo DODSON, Plaintiff-Appellant,
v.
DEPARTMENT OF REHABILITATION AND CORRECTION; Thomas E.
Johnson, Jr., Anthony Brigano, Defendants-Appellees.
 No. 94-4093.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1995.
 
 Before: MERRITT, Chief Judge; BROWN and MARTIN, Circuit Judges.
 
 ORDER
 
 1
 Ricardo Dodson, an Ohio prisoner, appeals pro se the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Seeking injunctive and monetary relief, Dodson filed this claim alleging that the defendant Johnson, a prison guard, had deliberately spilled hot coffee on him, burning his back. The district court granted the defendants' motion for summary judgment, and this appeal followed.
 
 
 3
 Upon review, we conclude that there is no genuine issue of material fact, and defendants are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Dodson failed to establish either a culpable state of mind by the defendant guard or sufficient harm to rise to a constitutional level. See Wilson v. Seiter, 501 U.S. 294, 298-300 (1991). Dodson's argument on appeal that he was denied discovery of psychiatric records that would have established that he incurred mental injuries from the incident is not persuasive. Not only does the record not support his claim that he was denied discovery, but even assuming that Dodson could prove some type of damage, he has nevertheless failed to establish the subjective component of his claim as discussed above, and therefore summary judgment would still be proper. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.